**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0021-22

RICHARD GARBACKI,

    Plaintiff-Appellant,

v.

ALSHON YOUNG, CHELSEA
MANAGEMENT, LLC, and
ECHELON GLEN 2016,
LLC, a/k/a ECHELON GLEN
APARTMENT HOMES,

    Defendants-Respondents.

_____

> Argued December 4, 2023 – Decided January 12, 2024
>
> Before Judges DeAlmeida, Berdote Byrne, and Bishop-Thompson.
>
> On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-3134-20.
>
> Keith Andrew Peterson argued the cause for appellant (Donelson, D'Alessandro & Peterson, LLC, attorneys; Keith Andrew Peterson, on the briefs).

Jeffrey Francis Talbot argued the cause for respondents (Law Offices of James H. Rohlfing, attorneys; James Patrick Meissler, on the brief).

PER CURIAM

In this appeal from a summary judgment order in a personal injury action alleging negligence, plaintiff argues the trial court erred in finding defendant-landlords breached no duty to plaintiff when he was injured after he opened his apartment door and was assaulted by an inebriated man. Because we find, after reviewing the totality of the circumstances, the landlords could not have foreseen this random, intentional assault, we concur with the trial court and affirm.

## I.

Like the motion court, we view the evidence in the landlords' summary judgment motion in the light most favorable to plaintiff, the non-moving party. Harz v. Borough of Spring Lake, 234 N.J. 317, 329 (2018); Rivera v. Cherry Hill Towers, LLC, 474 N.J. Super. 234, 238 (App. Div. 2022). Plaintiff resided at Echelon Glen Apartments in Vorhees Township, an apartment complex owned and managed by defendants Echelon Glen and Chelsea management (landlords), comprised of approximately 36 buildings and 432 apartments on 25 acres. On November 8, 2018, plaintiff was in his apartment when defendant Alshon Young

(Young) knocked on the door. Plaintiff was expecting his wife, who had left to run an errand an hour prior, and did not look through the peephole before opening the door.

Young believed he was knocking on his grandfather's door, where he was staying. When plaintiff opened the door, Young, apparently believing plaintiff was a stranger in his grandfather's apartment, pushed his way in and struck plaintiff several times, injuring him. After the attack, Young fell asleep on the couch. Plaintiff crawled out of his apartment and down the steps while bleeding until emergency responders and the police arrived. Young eventually pleaded guilty to a lesser charge for the aggravated assault on plaintiff.

Plaintiff filed a five-count complaint against Young, Echelon Glen, and Chelsea Management. Counts one through four alleged assault and battery, intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NEID), and trespass against Young. Counts three and five alleged NEID and premises liability against landlords.

The landlords moved for summary judgment after the close of discovery. In their Rule 4:46-2(a) statement of material facts, they highlighted plaintiff's deposition testimony stating he "never had any visitors or strange people or solicitors or anything knock at the door." Additionally, they asserted the only

police reports involving the apartment complex were from three false burglar alarms in the management office in 2016, two years before the assault.

Plaintiff opposed summary judgment and emphasized two discrete incidents of criminal activity at the Vista apartments, a neighboring property also owned and managed by landlords, and a separate incident on a nearby road. Citing deposition testimony from landlords' principal, plaintiff stated landlords had "actual knowledge" of a prior similar criminal act of violence that occurred at the nearby Vista Apartments.

The trial court granted summary judgment, dismissing landlords from the case with prejudice, after finding the determinative issue was whether the incident was a "foreseeable criminal act of third parties." In granting summary judgment, the trial court ultimately found plaintiff voluntarily opened his door, "there was no break in," and "[t]here was no inadequate lock on the door." The court further held plaintiff failed to produce any evidence from which a jury could find this type of criminal activity was foreseeable. This appeal followed.

II.

An appellate court reviews de novo orders granting summary judgment and applies the same standard that governed the trial court's ruling. Lee v. Brown, 232 N.J. 114, 126, (2018); see also Bhagat v. Bhagat, 217 N.J. 22, 38

(2014).  Summary judgment will be granted if, viewing the competent evidential materials in the light most favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'"  Conley v. Guerrero, 228 N.J. 339, 346 (2017) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

In order to demonstrate the existence of a "genuine issue [of] material fact" and survive a summary judgment motion, "the opposing party [must] do more than 'point[ ] to any fact in dispute.'"  Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016) (emphasis omitted) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995)).  "The practical effect of this rule is that neither the motion court nor an appellate court can ignore the elements of the cause of action or the evidential standard governing the cause of action."  Bhagat, 217 N.J. at 38.

Whether plaintiff is owed a legal duty is a question of law ripe for summary judgment.  See Delvalle v. Trino, 474 N.J. Super. 124, 135 (App. Div. 2022); see also Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 502 (1997) (citing Carvalho v. Toll Bros. & Devs., 143 N.J. 565, 572 (1996); Kelly v. Gwinnell, 96 N.J. 538, 552 (1984)).

5

## III.

Plaintiff argues the trial court resolved "disputed material facts in favor of the moving party" by commingling two prior discrete events — the criminal act at the Vista apartments and the shooting on a nearby road — into one event, diminishing the significance of each event in the process. He argues the trial court engaged in impermissible fact finding by conflating the two incidents. He further argues those facts should have been resolved by the jury, because a reasonable jury could find that two incidents of prior criminal acts, as opposed to merely one, could make the difference "in the determination of the landlord's duty."

Landlords argue neither Echelon Glen nor Chelsea Management had notice of criminal activity to justify heightened security on the premises. They argue even assuming the trial judge found two separate incidents of prior criminal activity near the property, those incidents were so isolated and distinct in time and manner from the present incident that no rational fact finder could find defendants breached a duty to plaintiff. Additionally, they argue any precautions landlords could have taken would not have prevented this incident. We agree.

A-0021-22

The "mere relationship of landlord and tenant imposes no duty on the landlord to safeguard the tenant from crime." Braitman v. Overlook Terrace Corp., 68 N.J. 368, 387 (1975). However, "a residential landlord has a legal duty to take reasonable security measures for tenant protection on the premises." Scully v. Fitzgerald, 179 N.J. 114, 122 (2004) (citing Trentacost v. Brussel, 82 N.J. 214, 231 (1980)). "Negligence is tested by whether the reasonably prudent person at the time and place should recognize and foresee an unreasonable risk or likelihood of harm or danger to others." Trentacost, 82 N.J. at 222 (quoting Rappaport v. Nichols, 31 N.J. 188, 201 (1959)). Foreseeability of harm is "essential to holding a landlord potentially liable," E.S. for G.S. v. Brunswick Inv. Ltd. P'ship, 469 N.J. Super. 279, 297 (App. Div. 2021), and is a fact-sensitive inquiry, Coleman v. Martinez, 247 N.J. 319, 339 (2021).

Foreseeability of criminal incidents is determined by a review of the totality of the circumstances. Clohesy, 149 N.J. at 507 (1997). In the case of a residential landlord, harm may be reasonably foreseeable by a high incidence of crime in the area, previous attempted break-ins, or failure to equip doors with working locks. Trentacost, 82 N.J. at 222-23. Evidence of break-ins at other apartments in a general area may also be considered. Braitman, 68 N.J. at 373, 382.

Plaintiff's reliance upon Clohesy is misplaced. The Court in Clohesy specifically rejected finding liability based solely on prior similar criminal incidents, in favor of a totality of the circumstances analysis. Est. of Desir ex rel. Estiverne v. Vertus, 214 N.J. 303, 319 (2013). Although prior criminal incidents may be considered as a factor in assessing the totality of the circumstances, the incidents must be numerous and sufficiently frequent to be foreseeable and constitute, at minimum, constructive notice. Inapposite to Clohesy, where "approximately sixty criminal incidents either on or near" the supermarket premises occurred over the course of the preceding two years, there were no prior reported incidents at the Echelon Glen apartment complex. Plaintiff relies upon a report summarizing violent crimes in all of Voorhees from 2015 through 2018, and an eleven-page police report regarding a February 2017 shooting on a nearby road at a different apartment complex, stating a gun went off by accident during an argument. Plaintiff also relies on deposition testimony from landlord's principal, where he recalled "one incident" at the Vista apartment complexes, not Echelon Glen. There was no documentation of that incident other than this testimony, which may have been referring to the same event – the misfiring of a gun on a nearby road.

A-0021-22

Regardless, even accepting plaintiff's position, these two discrete incidents do not establish a duty. Plaintiff fails to show "the landlord[s] ha[d] sufficient control to prevent [plaintiff's attack]." Scully, 179 N.J. at 123 (citing Braitman, 68 N.J. at 382-83); see Peguero v. Tau Kappa Epsilon Loc. Chapter, 439 N.J. Super. 77, 87 (App. Div. 2015) (defendants owed no duty to protect plaintiff from being shot by a third-party assailant). Plaintiff cannot articulate any action landlords could have taken to prevent Young, who was staying with his grandfather in another apartment at the complex, from knocking on the wrong door. The totality of the circumstances here demonstrates a random, unpreventable criminal act by a third party and plaintiff's suggestion, that the landlords had a legal obligation to post nearby crime statistics, could not have prevented plaintiff's injuries.

To the extent we have not addressed plaintiff's remaining arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0021-22